[Cite as *Felton v. London Correctional Inst.*, 2011-Ohio-2621.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ARTHUR FELTON

     Plaintiff

     v.

LONDON CORRECTIONAL INSTITUTION

     Defendant
     Case No. 2008-06211

Judge Clark B. Weaver Sr.
Magistrate Holly True Shaver

<u>MAGISTRATE DECISION</u>

{¶ 1}  Pursuant to Civ.R. 53, Magistrate Holly True Shaver was appointed to conduct all proceedings necessary for decision in this matter.

{¶ 2}  Plaintiff brought this action alleging negligence.  The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 3}  At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16.  Plaintiff alleges that on December 11, 2007, his bunkmate, Ron Miller, assaulted him.  Plaintiff claims that defendant was negligent in failing to prevent the assault inasmuch as he had previously notified defendant's employees that Miller had threatened to cause him "bodily harm."

{¶ 4}  In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.  Ohio

law imposes upon the state a duty of reasonable care and protection of its prisoners; however, the state is not an insurer of inmate safety. *Williams v. Southern Ohio Correctional Facility* (1990), 67 Ohio App.3d 517, 526.

{¶ 5} Defendant is not liable for the intentional attack on one inmate by another unless it has adequate notice, either actual or constructive, of an impending assault. *Mitchell v. Ohio Dept. of Rehab. & Corr.* (1995), 107 Ohio App.3d 231, 235; *Metcalf v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 01AP-292, 2002-Ohio-5082. The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained. Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197.

{¶ 6} Plaintiff testified that on December 4, 2007, he advised his Unit Sergeant (Sgt.), Ron Kelly, of his desire to be assigned to another cell because of problems that he was having with his bunkmate. Plaintiff further testified that, in response, Sgt. Kelly told him that he would inform his supervisor, Unit Manager Craig Cann, of plaintiff's request. Plaintiff asserts that he spoke to Sgt. Kelly again on December 6, 2007, and at that time, Sgt. Kelly told him that he had informed Cann about the problem and that Cann was going to request that both plaintiff and Miller go to his office for counseling. On December 11, 2007, Miller assaulted plaintiff. According to plaintiff, he specifically told Sgt. Kelly prior to the assault that Miller had threatened him with physical harm.

{¶ 7} Sgt. Kelly testified that he had been employed as a corrections officer for more than 20 years; that he had no independent authority to make bunk changes on his own; and that his usual procedure was to notify Unit Manager Cann when an inmate requested a bunk change. Sgt. Kelly recalled that plaintiff informed him that he and his bunkmate were having problems, but denied that plaintiff advised him that Miller had

threatened him with physical harm.  Sgt. Kelly added that if plaintiff had told him that he felt threatened, Sgt. Kelly did have the authority to place plaintiff in isolation for his own safety.

**{¶ 8}** Unit Manager Cann testified that his duties included overseeing the housing units and supervising both inmates and staff.  Cann testified that he does not reassign every inmate who complains about a bunkmate.  However, if an inmate complains that his bunkmate has threatened his safety, Cann's normal practice would be to place the complaining inmate in isolation until a committee could meet to resolve the issue.  Cann further stated that neither plaintiff nor Sgt. Kelly ever told him that Miller had threatened bodily harm.

**{¶ 9}** Dr. Joan LeClair testified via deposition that she was licensed to practice psychology in the state of Ohio and that she was employed as the psychology supervisor for defendant during plaintiff's incarceration.  Dr. LeClair testified that plaintiff had been one of her patients throughout his incarceration, and that at one point in time, plaintiff had complained to her that he feared for his safety.  However, after a review of plaintiff's mental health records, Dr. LeClair discovered that the first time that he had complained to her about Miller was on January 16, 2008, which was after the December 11, 2007 assault.

**{¶ 10}** Based upon the testimony and evidence presented at trial, the court finds that defendant did not have either actual or constructive notice of an impending attack by Miller on plaintiff.  The greater weight of the evidence demonstrates that although plaintiff did notify defendant's employees that he desired a different bunkmate, he did not notify them that he felt threatened or that he was in fear of his physical safety prior to the assault.

**{¶ 11}** For the foregoing reasons, the court finds that plaintiff has failed to prove his claim of negligence by a preponderance of the evidence and, accordingly, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of*

*the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal*

*conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
HOLLY TRUE SHAVER
Magistrate

cc:

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Arthur Felton
123 South Huron Drive
Oxon Hill, Maryland 20745

HTS/cmd
Filed May 11, 2011
To S.C. reporter May 26, 2011